MICHELE GIRARDI, Respondent, *v.* EDGAR IRVING and JAMES M. BARRY, Appellants.

Third Department, March 5, 1919.

Contract — action for breach of contract to pay for providing laborers and sleeping and boarding accommodations therefor — evidence — damages — principal and agent — when payment to agent against public policy.

In an action for an alleged breach of contract entered into by the defendants with the plaintiff to provide men and sleeping and boarding accommodations for carrying on work, evidence *held* to justify a finding that the defendants authorized their foreman to enter into said contract, and that the plaintiff suffered damages by not being permitted to perform said contract, including anticipated profits.

*It seems,* that the provisions of the contract for the payment of a certain sum to the defendants' foreman was intended as a contribution to said foreman as an agent, which cannot be justified upon grounds of public policy.

APPEAL by the defendants, Edgar Irving and another, from a judgment of the County Court of Saratoga county, entered

in the office of the clerk of said county on the 21st day of June, 1918, upon the verdict of a jury, and also from an order entered in said clerk's office on the 11th day of July, 1918, denying defendants' motion for a new trial made upon the minutes.

*Moore & McGinity* [*Edward C. McGinity* of counsel], for the appellants.

*Robert Frazier*, for the respondent.

WOODWARD, J.:

There is evidence which justified the jury in finding that the defendants authorized one John Cross, their foreman on a State road contract, to enter into a contract with the plaintiff in this action to provide men and sleeping and boarding accommodations for carrying on this work, or, if the letter making such authorization did not contemplate such a contract as the foreman entered into, that it was subsequently ratified. My impression is that the contract, which provides for the payment of $100 to Cross, was intended as a contribution to the defendants' agent, which could not be justified upon grounds of public policy, but the learned trial court instructed the jury that the purpose was to compensate the defendants for the use of his materials and equipment, and as this passed without challenge it is perhaps not the province of this court to interfere, though it seems proper that we should not seem to approve, even by implication, a weakening of the doctrine that " a person who undertakes to act for another in any matter shall not, in the same matter, act for himself." (*Dutton v. Willner*, 52 N. Y. 312, 318; *Marshall v. Sackett & Wilhelms Co.*, 181 App. Div. 157, 158, and authorities there cited.) The plaintiff is an Italian and evidently not familiar with our laws, and while the court might properly refuse to aid in the enforcement of a contract which undertook to provide a benefit to the agent of the defendants, in the view suggested by the court, and in connection with the fact that the contract was sent to one of the defendants who does not appear to have raised any objection upon this score, the matter may be passed over without further consideration.

While the proof was not very complete upon the question

of damages, in so far as it related to anticipated profits, we are of the opinion that there was sufficient evidence to justify the verdict of the jury. The evidence was undisputed that the usual price for providing sleeping quarters for the Italian laborers was one dollar per month; the plaintiff furnished men to the number of thirty, and the evidence indicated that at least fifty men could have been employed upon the work for a period of seven months, and the allowance for thirty men for this period, in connection with the testimony that the furnishing of sleeping quarters would be without further expense, affords some evidence of the profits which might have been earned if the plaintiff had been permitted to perform his contract. This evidence was not disputed, and I think the verdict should not be disturbed.

The judgment and order appealed from should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.